The opinion of the Court was delivered by
Dabgan, Oh.
I did not hold on the circuit, as the brief represents, that there were no circumstances under which the Chancellor could exercise the discretion of relaxing the 36th rule of Court. On the contrary, I said, distinctly, that there were extraordinary circumstances, such, for instance, as accidents resulting from the act of God, which would justify the Chancellor pro hae vice to set aside the rule, and to permit the answer to be filed on such equitable conditions as he might think proper to impose. And I put cases by way of illustrating my views. I said, that if the omission was occasioned by sickness, or any other calamity or misfortune, which occasioned the answer not to be filed in time, I would feel myself authorized to interpose. But I did not consider the case as falling within that class. It was an omission, which did not result from calamity, misfortune, sickness or inevitable accident. In the case made by the affidavits, and similar cases, I considered the rule as of imperative obligation, and in reference to such cases, used language very much like that imputed to me in the brief.
It is the opinion of this Court, that the practice under the rules, may be moulded at the discretion of the Chancellor, so as to meet the exigencies of the case, and to promote the ends of justice. And with this piu-pose in view, he may suspend their operation in particular cases, where justice seems to require it; observing them as a general chart by which the proceedings of the Court are to *92 be conducted, where no special equity makes a deviation proper. At the same time it is the clear doctrine, that the exercise of such a discretion on the part of the Chancellor, in enforcing or suspending the rules, is not a matter from which an appeal will lie. Where there is a right to exercise discretion, there is no right of appeal from its exercise.
I am now persuaded, that I had a greater latitude of discretion than I had supposed on the circuit. As the parties and their counsel did appear to have used a considerable degree of diligence, with my present views, if the case were now before me, I should allow the defendants, on the case made, to file their answers. On this statement to the other members of the Court, and on my own motion, this Court has consented to reverse the decision of the circuit Court, and to grant the defendants leave to file their answers.
It is ordered and decreed, that the order fro confesso be set aside; that the defendants have leave to file their answers on or before the first day of March next.
JOHNSTON, DüNKIN and Wardlaw, CC. concurred.

Decision reversed.